IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ALIJAH J. B.,[1]

    Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

    Defendant.

Case No. 3:24-cv-01527-MC

OPINION AND ORDER

MCSHANE, Judge:

    Plaintiff Alijah J. B. brings this action for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). Plaintiff argues the Administrative Law Judge ("ALJ") erred by failing to provide clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony regarding his ability to understand instructions, resulting in an erroneous residual function capacity. Pl.'s Br. 3–5, ECF No. 8.

    Because the Commissioner's decision is based on proper legal standards and supported by substantial evidence, the Commissioner's decision is AFFIRMED.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case and any immediate family members of that party.

1 – OPINION AND ORDER

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff applied for DIB and SSI on August 30, 2021, alleging disability since December 24, 2019. Tr. 20, 249–259.[2] The Social Security Administration initially denied his claim and again upon reconsideration. Tr. 108–17, 125–26. On February 14, 2024, Plaintiff appeared by telephone before the Honorable John Martin for a hearing on his claim. Tr. 127–46. The ALJ denied Plaintiff's claim by written decision on March 1, 2024. Tr. 17–30. Plaintiff sought review from the Appeals Council, which denied his appeal on July 24, 2024, and rendered the ALJ's decision final. Tr. 1. Plaintiff now seeks judicial review of the ALJ's decision. ECF No. 1.

Following high school, Plaintiff was able to work for several years until he was fired in December 2019 for excessive tardiness. Tr. 267, 291, 822. Plaintiff received unemployment payments for nine months and worked again in late 2021 or early 2022. Tr. 268. The ALJ found Plaintiff's more recent work after the alleged onset date did not rise to the level of substantial gainful activity. Tr. 22.

Plaintiff's disability claim is based on the severe impartments of asthma, attention deficit hyperactivity disorder (ADHD), cannabis use disorder, unspecified anxiety disorder, unspecified depressive disorder, obesity, and borderline intellectual functioning (BIF). *Id.* The ALJ found Plaintiff had no impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 23–25. After formulating Plaintiff's residual functional capacity ("RFC"), the ALJ determined jobs existed in significant numbers in the national economy that Plaintiff could perform. Tr. 28–30. As a result, the ALJ determined Plaintiff was not disabled under the Act since his application date. *Id.*

---

[2] "Tr." refers to the Transcript of Social Security Administrative Record provided by the Commissioner. ECF No. 7-1.

2 – OPINION AND ORDER

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) (reaffirming the substantial evidence standard in social security cases). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989) (citing *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986)). "'If the evidence can reasonably support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720–21 (9th Cir. 1998)).

## DISCUSSION

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). The burden of proof rests on the claimant for steps one through four, and on the Commissioner for step five. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner's burden is to demonstrate that the claimant can make an adjustment to other work existing in significant numbers in the national economy after considering the claimant's RFC, age, education, and work experience. 20 C.F.R.

§ 404.1520(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is considered disabled. *Id.* If, however, the Commissioner shows that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953–54.

The ALJ found Plaintiff had the following severe impairments: asthma, ADHD, cannabis use disorder, unspecified anxiety disorder, unspecified depressive disorder, obesity, and BIF. Tr. 22 The ALJ found Plaintiff had an RFC encompassing the following capabilities (Tr. 25):

> [T]o perform medium work . . . except that he must avoid concentrated exposure to dust, odors, fumes, and pulmonary irritants; humidity; wetness; extreme heat; and extreme cold. [Plaintiff] could not work at unprotected heights or around moving mechanical parts. [Plaintiff] is able to perform simple, routine, and repetitive tasks but not a production rate pace (e.g. assembly line work). [Plaintiff] could have occasional interactions with coworkers, supervisors, and the public. [The] claimant can make simple work-related decisions.

On review, Plaintiff raises the single issue of whether the ALJ erred in discounting Plaintiff's subjective symptom testimony. Pl.'s Br. 1. Plaintiff argues the ALJ improperly rejected his testimony concerning his ability to understand written instructions without articulating reasons for doing so. *Id.* at 5–10, 12. As a result, Plaintiff concludes the RFC was erroneous where it failed to account for all of his limitations. *Id.*

"An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible." *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ determines, "whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (internal citations and quotations omitted). If the first step is satisfied, and the ALJ finds no evidence of malingering, the ALJ next determines the intensity and persistence of symptoms by considering "all of the available evidence from . . . medical sources

4 – OPINION AND ORDER

and nonmedical sources." 20 C.F.R. § 404.1529(c)(1). "[T]he ALJ can reject the claimant's testimony about the severity of [their] symptoms *only* by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1015 (emphasis added). Clear and convincing reasons "identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick*, 157 F.3d at 722 (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

However, the Ninth Circuit does not require an ALJ to "perform a line-by-line exegesis of the claimant's testimony." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). And the Court "will not fault the agency merely for explaining its decision with 'less than ideal clarity.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (quoting *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)). "Even when an agency explains its decision with less than ideal clarity, [a reviewing court] must uphold it if the agency's path may reasonably be discerned." *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) (quotation marks omitted).

The ALJ's decision is supported by substantial evidence despite Plaintiff's mischaracterization of the ALJ's findings. Plaintiff asserts, for example, "the ALJ acknowledged the fact that '[Plaintiff] stated that he could not follow written instructions.'" Pl.'s Br. 6 (quoting Tr. 23). But significantly, the ALJ wrote Plaintiff's Function Report indicated Plaintiff "could not follow written instructions *well*," including a qualifier Plaintiff omits in briefing. Tr. 23 (emphasis added). The ALJ then weighed the Function Report against the medical opinions of Dr. Arthur Kowitch and Dr. J. Benach, who had evaluated Plaintiff's intellectual functioning in October and November of 2022, ultimately informing the RFC. Tr. 23–24. Based on Plaintiff's testimony and the medical sources, the ALJ concluded Plaintiff had a "moderate limitation" to his "understanding, remembering, or applying information," thereby discounting Plaintiff's testimony based on inconsistency with the objective medical evidence to the extent Plaintiff's testimony

5 – OPINION AND ORDER

indicated as severe a limitation as he asserts now. *Id.*; *see Smartt v. Kijakazi*, 53 F.4th 489, 498–99 (9th Cir. 2022). The ALJ then reasonably translated this finding into the RFC limiting Plaintiff to "simple, routine, and repetitive tasks." Tr. 25, 28; *see Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008); *Kalaisha B. v. Bisignano*, 2025 WL 3555600, at *3 (D. Nev. Nov. 17, 2025), *report and recommendation adopted*, 2025 WL 3554465 (D. Nev. Dec. 10, 2025) ("Courts within the Ninth Circuit have found that moderate limitations in understanding, remembering, and applying information can be properly encompassed in a residual functional capacity of simple, routine tasks."). The ALJ elaborated he "limited [Plaintiff] to simple tasks because of difficulty with understanding instructions due to BIF as well as issues concentrating due to his ADHD and marijuana use" and "added social restrictions due to anger related to [Plainitff's] anxiety and depression." Tr. 28 (citing exhibits of Dr. Kowitch's and Dr. Benach's reports). The ALJ's reasoning here thus incorporated the "moderate" limitations supported by medical evidence; the ALJ recognized Plaintiff's limitations regarding understanding instructions while also discrediting the more extreme and narrow limitation Plaintiff identifies upon seeking review with this Court. The ALJ's path is more than reasonably discernable here, and the Court may not substitute its judgment for that of the ALJ. *See Brown-Hunter*, 806 F.3d at 492, 495; *Reddick*, 157 F.3d at 720–21. The ALJ's consideration of Plaintiff's subjective symptom testimony in constructing the RFC was therefore supported by substantial evidence and must be upheld.

    Furthermore, though Plaintiff's narrow issue regarding "written instructions" focused the Court's review, its specificity also hampered Plaintiff's claim. The Court's relationship to the ALJ and the final decision of the agency, as determined by the standard of review, is fixed. 42 U.S.C. § 405(g). The narrowness of Plaintiff's claim strains this standard of review to the extent it necessarily demands more searching of a review of the record and ALJ's decision than is

appropriate and authorized. *See Lambert*, 980 F.3d at 1277 (stating the ALJ need not "perform a line-by-line exegesis of the claimant's testimony" to avoid *reversal* of denial of benefits); *Young v. Saul*, 845 F. App'x 518, 519–20 (9th Cir. 2021) ("ALJ was not required to mention explicitly, in his ruling, each detail of [the claimant's] testimony, such as the need to take off weeks at a time from work."); *see also Brown-Hunter*, 806 F.3d at 494 (stating the district court will not "comb the administrative record to find specific conflicts" to *affirm* the ALJ's decision (quoting *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014))). In addition, such a narrow claim appears to have limited Plaintiff's ability to offer sections of the record in support of the greater limitations he asserts, aside from reinterpreting the ALJ decision itself, in the face of a standard of review that is "highly deferential." *Kitchen v. Kijakazi*, 82 F.4th 732, 738 (9th Cir. 2023); *Smartt*, 53 F.4th at 499 (holding ALJ is not required to "simply accept a claimant's subjective symptom testimony" and "believe every allegation of disabling pain").

Because the ALJ properly discounted Plaintiff's testimony as to stricter limitations regarding instructions, the Court need not consider Plaintiff's additional arguments regarding the resulting alleged error in the RFC. Pl.'s Br. 13–16. The ALJ's construction of the RFC is supported by substantial evidence.

## **CONCLUSION**

The ALJ's decision is free of legal error and supported by substantial evidence. The Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 20th day of February 2026.

s/ Michael J. McShane
Michael J. McShane
United States District Judge

7 – OPINION AND ORDER